# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| CAROLYN MOORE,<br><br>    Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA, PROSPECT AIRPORT SERVICES, INC., ABC CO., and JOHN DOES 1-5,<br><br>    Defendants. | 1:16-cv-3875-WSD |

## OPINION AND ORDER

This matter is before the Court on The United States of America's ("the United States") Motion to Dismiss, or in the alternative, for Summary Judgment [15].

## I. BACKGROUND

Plaintiff Carolyn Moore ("Plaintiff") suffers from multiple sclerosis, which causes her to have difficulty walking. (Compl. [1] ¶ 18). On June 22, 2015, Plaintiff was being transported through Hartsfield-Jackson International Airport (the "Airport") in a wheelchair pushed by "John Doe 2," later identified as Gabriel Morales ("Morales"). (Id. ¶ 19; Mot. Dismiss at Ex. A). Morales was employed by Prospect Airport Services, Inc. ("Prospect"). (Compl. ¶¶ 17, 19). Plaintiff

arrived at the Transportation Security Administration ("TSA") checkpoint while seated in the wheelchair. (Id. ¶ 20).

When she arrived at the TSA checkpoint, Plaintiff alleges, "John Doe 1," an unidentified TSA employee, "instructed [Plaintiff] to exit her wheelchair in order to undergo a security screening." (Id. ¶ 21). Plaintiff told John Doe 1 "that she was unable to do so given her medical condition." (Id. ¶ 22). John Doe 1 then "ordered her to stand and walk through the security checkpoint." (Id. ¶ 23).

"Plaintiff stood, but once again informed the TSA employee that she was unable to do so given her medical condition." (Id. ¶ 24). Plaintiff asserts that "[s]imultaneously, [Morales], the Prospect employee, removed Plaintiff's wheelchair from the immediate vicinity. After further discussion with the TSA employee and being forced to stand, Plaintiff attempted to sit down again, but her wheelchair was removed from the area and she fell to the ground." (Id. ¶¶ 25-26).

On December 16, 2015, Plaintiff submitted to the TSA an administrative claim based on the June 22, 2015, incident at the Airport. On June 30, 2016, the TSA "determined that no legally sustainable grounds exist on which to base a finding of liability on the part of TSA," and denied Plaintiff's administrative claim. (Compl. Ex. C [1.3]).

On October 18, 2016, Plaintiff filed her Complaint, asserting claims for negligence against John Doe 1 (Count I), the United States (Count II), John Doe 2 (Count III), and Prospect (Count IV).  In Counts I and II, Plaintiff alleges that "John Doe 1 carelessly, negligently and recklessly forced Plaintiff, whom [sic] suffers from multiple sclerosis, to stand from her wheelchair and attempt to walk through the TSA checkpoint at [the Airport]," and as a result, "Plaintiff fell to the ground," causing Plaintiff "severe, disabling, and permanent injuries."  (Compl. ¶¶ 33-35; 42-44).  Plaintiff asserts that, because John Doe 1 was an employee of the United States and the TSA, and was acting within the scope of his employment, the United States is liable to Plaintiff for past and future pain and suffering, medical expenses, and other damages in an amount not to exceed $1,000,000.  (Id. ¶¶ 39-40, 46-48).

In Counts III and IV, Plaintiff alleges that Morales "carelessly, negligently and recklessly removed Plaintiff's wheelchair from the TSA checkpoint at [the Airport]," and as a result, Plaintiff "fell to the ground" and suffered "severe, disabling, and permanent injuries."  (Id. ¶¶ 50-52, 57-59).  Plaintiff asserts that Prospect is vicariously liable for Plaintiff's injuries because Morales was an

employee of Prospect and acted within the scope of his employment. (Id. ¶¶ 61-63).[1]

On January 14, 2017, the United States moved to dismiss Plaintiff's Complaint. The United States argues that Count I must be dismissed, under Rule 12(b)(1) of the Federal Rules of Civil Procedure, for lack of subject matter jurisdiction because an individual employee cannot be sued under the Federal Tort Claims Act, 28 U.S.C. § 2679(b)(1). The United States also moves, under Rule 12(b)(6), to dismiss Count II for failure to state a claim upon which relief may be granted. The United States moves, in the alternative, for summary judgment.

On January 26, 2017, Plaintiff filed her Response [18]. In it, Plaintiff states that she "does not dispute that John Doe 1, an employee of the United States, should be dismissed from the instant action, and [Plaintiff] will consent to a dismissal of John Doe 1 only." (Resp. at 6-7). Accordingly, the United States' Motion to Dismiss Plaintiff's claim against John Doe 1 is granted and Count I is dismissed.

The Court next considers the United States' Motion to Dismiss Count II.

---

[1] On December 15, 2016, Prospect filed its Answer [5]. On January 3, 2017, the Court granted the parties' Motion to Stay this action pending resolution of the United States' Motion to Dismiss. (Jan. 3rd Order [13]).

## II. DISCUSSION

### A. Legal Standard

On a motion to dismiss, the Court must "assume that the factual allegations in the complaint are true and give the plaintiff[] the benefit of reasonable factual inferences." Wooten v. Quicken Loans, Inc., 626 F.3d 1187, 1196 (11th Cir. 2010). Although reasonable inferences are made in the plaintiff's favor, "'unwarranted deductions of fact' are not admitted as true." Aldana v. Del Monte Fresh Produce, N.A., 416 F.3d 1242, 1248 (11th Cir. 2005) (quoting S. Fla. Water Mgmt. Dist. v. Montalvo, 84 F.3d 402, 408 n.10 (11th Cir. 1996)). Similarly, the Court is not required to accept conclusory allegations and legal conclusions as true. See Am. Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1290 (11th Cir. 2010) (construing Ashcroft v. Iqbal, 556 U.S. 662 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). Mere "labels and conclusions" are insufficient. Twombly, 550 U.S. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). This requires more than the "mere possibility of misconduct." Am. Dental, 605 F.3d at 1290 (quoting Iqbal, 556 U.S. at 679). The well-pled allegations must "nudge[] their claims across the line from conceivable to plausible." Id. at 1289 (quoting Twombly, 550 U.S. at 570).

   B.   Analysis

Under the FTCA, the United States has waived its sovereign immunity in limited circumstances and can be liable for negligent or wrongful acts or omissions of government employees only "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). The United States' liability for negligence arises only if state law imposes a duty that the government tortfeasor allegedly breached. Tisdale v. United States, 62 F.3d 1367, 1371 (11th Cir. 1995). The parties agree that Georgia law applies here.

In Georgia, a plaintiff in a negligence action must prove (i) that the defendant had a legal duty to conform to some standard of conduct; (ii) a breach of that duty; (iii) a causal connection between the conduct and the resulting injuries; and (iv) damages as a result of the alleged breach. Bradley Ctr., Inc. v. Wessner, 296 S.E.2d 693, 695 (Ga. 1982). "[I]t is axiomatic that the mere fact that an

accident happened and the plaintiff may have sustained injuries or damage affords no basis for recovery against a particular defendant unless the plaintiff carries the burden of proof and shows that such accident and damages were caused by specific acts of negligence on the part of that defendant." Tuggle v. Helms, 499 S.E.2d 365, 368 (Ga. Ct. App. 1998) (citation omitted).

Here, Plaintiff fails to show that John Doe 1's claimed negligence caused Plaintiff's injury. In her Complaint, Plaintiff alleges that John Doe 1 "instructed [Plaintiff] to exit her wheelchair in order to undergo a security screening;" after Plaintiff told him she was unable to do so, John Doe 1 "ordered her to stand and walk through the security checkpoint;" "Plaintiff stood, but once again informed [him] that she was unable to do so given her medical condition;" and "[s]imultaneously, [Morales], the Prospect employee, removed Plaintiff's wheelchair from the immediate vicinity." (Compl. ¶¶ 21-25). Plaintiff asserts that, "[a]fter further discussion with the TSA employee and being forced to stand, Plaintiff attempted to sit down again, but her wheelchair was removed from the area and she fell to the ground." (Id. ¶ 26).

Plaintiff alleges only that John Doe 1 directed Plaintiff to stand and walk through the security checkpoint. The facts are that, while Plaintiff was standing, Morales, the Prospect employee, moved Plaintiff's wheelchair, and when she

"attempted to sit down again," Plaintiff fell because Morales moved the wheelchair. That John Doe 1 ordered Plaintiff to stand does not support that John Doe 1 caused Plaintiff's fall. Plaintiff fell when she attempted to sit down because Morales—not John Doe 1—moved Plaintiff's wheelchair. Plaintiff does not allege in her Complaint that John Doe 1 ordered Plaintiff to sit down,[2] that he moved the wheelchair, or even that it was reasonably foreseeable to him that Morales would move the wheelchair. For this reason, Plaintiff's Complaint, as currently pled, fails to allege facts sufficient to show a causal connection between John Doe 1's conduct and Plaintiff's injuries, and Plaintiff fails to state a claim for negligence against the United States. See Bradley Ctr., 296 S.E.2d at 695; Tuggle, 499 S.E.2d at 368; see also Imperial Foods Supply, Inc. v. Purvis, 260 Ga. App. 614, 616 (Ga. Ct. App. 2003) ("For an intervening act of a third party to become the sole proximate cause of a plaintiff's injuries, the intervening act must not have been foreseeable by defendant, must not have been triggered by defendant's act, and

---

[2] Plaintiff states, for the first time in her Response, that she "was ordered by the [TSA] agent to sit back down." (Resp. at 18). Plaintiff's citation to Paragraph 26 of her Complaint does not support that John Doe 1, or any one, ordered Plaintiff to sit down. Paragraph 26 states, in its entirety: "After further discussion with the TSA employee and being forced to stand, Plaintiff attempted to sit down again, but her wheelchair was removed from the area and she fell to the ground." (Compl. ¶ 26).

8

must have been sufficient by itself to cause the injury.").[3] The United States' Motion to Dismiss Count II is granted, and Count II is dismissed.[4]

Because Plaintiff may be able to state a plausible claim for negligence against the United States, Plaintiff shall be permitted to file an amended complaint within thirty (30) days of the date of this Order.

---

[3] Plaintiff argues in her Response that she has a viable negligence claim based on a theory of premises liability. It is well-settled that "[i]n premises liability cases, as in every negligence action, the plaintiff's injuries must be proximately caused by a breach of duty on the part of the defendant." Ga. Law of Torts § 4:6. "Proof of the occurrence of an injury, without more, is insufficient to establish liability on the part of a proprietor. In order to recover, the plaintiff must prove that the defendant had superior knowledge of a dangerous condition that was unknown to the plaintiff *and that caused the plaintiff's injuries*." Metts v. Wal-Mart Stores, 604 S.E.2d 235, 237 (Ga. Ct. App. 2004) (emphasis added). Even assuming, as Plaintiff argues, that "the TSA created an individual hazard to Plaintiff by forcing her to stand from her wheelchair" and Plaintiff was unable to exercise ordinary care for her own safety because she was forced to follow the agent's instructions (Resp. at 11), the facts are that Plaintiff fell when she attempted to sit down because Morales moved Plaintiff's wheelchair. Plaintiff fails to show that John Doe 1's order that Plaintiff stand and walk through the security checkpoint caused Plaintiff's injuries. See Metts, 604 S.E.2d at 237.

[4] Having dismissed Counts I and II, the Court does not reach the merits of the United States' motion in the alternative for summary judgment, or Plaintiff's request, under Rule 56(d) of the Federal Rules of Civil Procedure, that the Court defer ruling on the Motion until discovery is complete. The United States' Motion for Summary Judgment is denied as moot without prejudice to renew if Plaintiff files an amended complaint.

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that The United States of America's Motion to Dismiss [15] is **GRANTED**. Counts I and II are **DISMISSED**.

**IT IS FURTHER ORDERED** that The United States of America's Motion in the Alternative for Summary Judgment [15] is **DENIED AS MOOT WITHOUT PREJUDICE** to renew if Plaintiff files an amended complaint.

**IT IS FURTHER ORDERED** that Plaintiff is permitted to file an amended complaint within thirty (30) days of the date of this Order.

**SO ORDERED** this 20th day of June, 2017.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE